UNITED STATES DISTRICT COURT   *FILED*
FOR THE WESTERN DISTRICT OF TEXAS   *MAR 21  P 4:40*
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES W. MYART, JR.      ) | **SA06CA0256 FB** |
|       ) | Civil Action No. |
|      Plaintiff      ) | |
|       ) | |
| v.      ) | Fourth, Eight and Fourteenth Amendment |
|       ) | US Constitution, 42 U.S.C. 1983, |
|       ) | 42 U.S.C. 1985(3) |
| THE CITY OF SAN ANTONIO, TEXAS, ) | 42 U.S.C 1988 |
| THE CITY OF SAN ANTONIO     ) | Pendant State Claims |
| POLICE DEPARTMENT     ) | Official Oppression |
| OFFICER STEVE CHRISTIAN,     ) | Violation of State Civil Rights |
| individually and in his official capacity, ) | |
|       ) | |
|      Defendants      ) | |
|       ) | |

## COMPLAINT

### A.   **INTRODUCTION**

1.    Plaintiff, James W. Myart, Jr. brings this action for compensatory and punitive damages against Defendants, The City of San Antonio, Texas, The City of San Antonio Police Department, and Officer Steve Christian, individually and in his official capacities, because Defendants, jointly and severally, denied Plaintiff the rights guaranteed him by the Constitution and law of the United States and the State of Texas. Plaintiff James W. Myart, Jr. was subjected to intentional, grotesque and humiliating excessive force by the law enforcement officer mentioned above. Plaintiff James W. Myart, Jr. was unjustly arrested by Officer Steve Christian, City of San Antonio, Texas police officer, from which he sustained debilitating physical and emotional injuries. It was precisely the historically, well-documented policies, customs and practices which motivated and/or incited the City of San Antonio and the City of San Antonio

Police officers to callously disregard American society's well-established and basic principles of civil rights.   Defendants thereby caused the dehumanizing and physically and emotionally debilitating incident which forms the basis of this action.   The recognition, affirmation and vindication of the Plaintiffs' civil rights as citizens of the State of Texas and the United States of America are sought by this action so as to dispel any future notions by Defendants at the Plaintiffs, or any other Americans, to be brutalized and punished in contravention of the federal and state constitutional rights.

B.      **JURISDICTION**

2.      Jurisdiction is conferred on this Court by 28 U.S.C. Section 1343, and its pendent jurisdiction over claims under Texas law.   The recovery of damages is authorized by 42 U.S.C., Sections 1983 and 1988.

C.      **PARTIES**

3.      Plaintiff, JAMES W. MYART, JR., at the time of the event made the basis of this action, and at the time of filing this suit, was a resident of Bexar County, Texas.

4.      Defendant, City of San Antonio, Texas, is a legally recognized and organized municipal corporation.   Incident to its duties as a municipal corporation, the City of San Antonio, Texas, organized and maintained, at all times material hereto, a police department.   The responsibility for the selection, training, supervision, and operation of the police department, and its individual officers, was borne by the City of San Antonio, Texas, acting through its duly selected officers and representatives.

5.      OFFICER STEVE CHRISTIAN was, at all times material hereto, a police officer with the City of San Antonio Police Department.   Officer Steve Christian is sued individually and in his official capacity as an employed police officer of the City of San Antonio, Texas.

2

Officer Steve Christian presently resides in Bexar County, Texas.  At all times material hereto, Defendant Officer Steve Christian was acting as an agent and representative of the City of San Antonio, Texas in the performance of duties as a police officer.

**D.    FACTS**

6.      On or about November 13, 2002, Plaintiff Myart was asleep at his residence in the 300 block of Preston Ave., San Antonio, Texas.

7.      Plaintiff was awaken by his neighbor, Melesio Ramirez, and told that his brother, David Ramirez, was being detained behind their home by San Antonio Police Officers.

8.      Being an attorney and friend of the Ramirez family, Plaintiff walked behind his home to investigate the matter, at which time he learned that SAPD Officers had used their vehicles to ram and allegedly stop David Ramirez's vehicle.  Plaintiff Myart contended that there was no need to ram Mr. Ramirez's vehicle because it was already parked in a driveway behind Mr. Ramirez's home.

9.      Mr. Myart asked a female officer if it was o.k. if he took pictures of the vehicles involved in the collision and their positioning.  The Female officer said she would allow it as long as the flash from his camera did not interfere with that of hers.

10.     Plaintiff Myart was proceeded to photograph the scene when he was then approached by Officer Steve Christian, Defendant, with whom he had prior disagreements with on unrelated matters.

11.     Defendant Christian then ordered Plaintiff Myart to stop taking pictures and get away from the scene. Plaintiff Myart objected and stated that he had already gotten permission from the female evidence officer to photograph the scene.

3

12.     As Plaintiff Myart continued to photograph, Defendant Christian became enraged at the fact that Plaintiff Myart did not comply with his order and began yelling disparaging remarks at Plaintiff Myart, ex. "That's why your wife left your a--!"  Plaintiff Myart and Defendant Christian then had words with each other at which time Defendant Christian moved to place Plaintiff Myart under arrest.

13.     Plaintiff Myart, then and there, after being woken up and emotionally upset, began feeling complications from his diabetic condition.  Plaintiff Myart requested an ambulance and was transported to the hospital.

14.     Plaintiff Myart was later charged with interfering with the duties of a peace officer as well as resisting arrest, jailed and required to make bond.  Plaintiff Myart was acquitted of all charges by jury in the Bexar County Court, # 6, State of Texas.

**E.     ALLEGATIONS**

15.     Defendant Christian, or another unknown person, called emergency medical services, which arrived and examined Plaintiff Myart and determined that his condition was serious enough to require hospitalization.  Plaintiff Myart was taken to the hospital.

16.     As a result of the above and foregoing conduct of Defendant herein, Plaintiff Myart suffered, and continues to suffer, great mental anguish, great anxiety, embarrassment, humiliation, injuries to his body, accompanied by pain and suffering.

17.     At the time and place as above alleged, Defendant Christian was acting in his official capacity as police officer of the City of San Antonio, Texas, and by his intentional acts of malfeasance, omissions and neglect, deprived Plaintiff Myart of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C., Sections 1983 and 1988.

4

18.   At the time of the event in question, Defendant City of San Antonio, Texas, through its intentional acts of malfeasance, omissions and neglect, deprived Plaintiff Myart of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C., Sections 1983 and 1988, or, alternatively, Defendant City of San Antonio, Texas was guilty of common law negligence proximately resulting in the injuries and damages sustained by Plaintiff Myart.

19.   At the time of the event in question, Defendant City of San Antonio Police Department, through its intentional acts of malfeasance, omissions and neglect, deprived Plaintiff Myart of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C., Sections 1983 and 1988, or, alternatively, Defendant City of San Antonio Police Department was guilty of common law negligence proximately resulting in the injuries and damages sustained by Plaintiff Myart.

20.   The Defendant,  City of San Antonio, Texas, individually and in his official capacity,  through its intentional acts of malfeasance, omissions and neglect, deprived Plaintiff Myart of his constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and under 42 U.S.C,  Sections 1983 and 1988, or , alternatively, Defendant  was guilty of common law negligence and negligent entrustment, proximately resulting in the injuries and damages sustained by Plaintiff Myart.

21.   The detainment was accompanied by such violence and force far in excess of that necessary to effect such detainment, resulting in severe and painful injuries being sustained by Plaintiff Myart.

22.   As a result of the detainment and injuries, Plaintiff Myart suffered severed and excruciating pain, injuries to his body, both mental and physical was caused to ambulance,

medical and hospital charges, and will, in all probability, continue to suffer damages in the future as a result of the conduct of Defendants.

## FIRST CAUSE OF ACTION

23.    The allegations contained in Paragraphs 1 through 22 are incorporated herein by reference, the same as if fully set forth verbatim.

24.    All defendants, jointly and severally, while on duty and while acting in the course and scope of their employment as a police officer, as agent and representative of the City of San Antonio, Texas, willfully and intentionally violated the constitutional rights of Plaintiff JAMES W. MYART, JR., Jr., under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and under 42 U.S.C., Sections 1983 and 1988.  Acting under color of law, Defendants illegally and brutally attacked and injured the person of Plaintiff JAMES W. MYART, JR.

## SECOND CAUSE OF ACTION

25.    The allegations contained in Paragraphs 1 through 22 are incorporated herein by reference, the same as if fully set forth verbatim.

26.    Defendant City of San Antonio, Texas is guilty of negligence in the hiring, training, supervising and maintaining public servants of the quality and character of Officer Steve Christian.  It is grossly negligent in entrusting deadly firearms and the keeping of the peace to such persons, and placing them in positions where they can create and cause such deprivation of rights and endanger citizens they are engaged to protect.  This negligence proximately caused the injuries and damages complained of by Plaintiffs JAMES W. MYART, JR., Jr.

## THIRD CAUSE OF ACTION

6

27.     The allegations contained in Paragraphs 1 through 22 are incorporated herein by reference, the same as if fully set forth verbatim.

28.     Defendant City of San Antonio Police Department is guilty of negligence in the hiring, training, supervising and maintaining public servants of the quality and character of Officer Steve Christian.  It is grossly negligent in entrusting deadly firearms and the keeping of the peace to such persons, and placing them in positions where they can create and cause such deprivation of rights and endanger citizens they are engaged to protect.  This negligence proximately caused the injuries and damages complained of by Plaintiffs JAMES W. MYART, JR., Jr.

**FOURTH CAUSE OF ACTION**

29.     The allegations contained in Paragraphs 1 through 43 are incorporated herein by reference, the same as if fully set forth verbatim.

30.     Defendant City of San Antonio, Texas is liable for the conduct of Defendant Christian, while acting within the course and scope of their employment of Defendant Christian for Defendant City of San Antonio, Texas Police Department.  Defendant City of San Antonio, Texas, instituted, authorized and ratified and/or approved the conduct exhibited by Defendant Christian.  The conduct of Defendant Christian, which has been previously specified herein, constitutes the deprivation of the civil rights of the Plaintiff.  Additionally, Defendant City of San Antonio, Texas instituted policies which created a climate in which the type of violent and abusive behavior exhibited by Defendant Christian was allowed to occur.  Defendant City of San Antonio, Texas, in effect, ratifies and approves such violent behavior by its police department by failing to take appropriate disciplinary measures and by ignoring abusive conduct on the part of

its police officers, both prior to the event made the basis of this suit and thereafter. Additionally, the Defendant City of San Antonio, Texas serves to ratify and condone the abusive and violent behavior of its police department and its officers by failing to institute appropriate disciplinary systems and by allowing this abusive and violent brutality on the part of its police officers to go unpunished and by allowing such violent police officers to remain on the police force of the City of San Antonio, Texas. Additionally, the official policy authorizing, ratifying, allowing and/or approving such violent and abusive conduct on the part of the City of San Antonio and its employees, which is so common and settled, so as to constitute a custom that fairly represents municipal policy?

## FIFTH CAUSE OF ACTION

31.     The allegations contained in Paragraphs 1 through 22 are incorporated herein by reference, the same as if fully set forth verbatim.

32.     Defendant City of San Antonio Police Department, acting by and through Defendant City of San Antonio, Texas is guilty of negligence in hiring, training, supervising and maintaining public servants of the kind and quality of Defendants Christian.  It is grossly negligent in entrusting deadly firearms to such persons and placing them in positions where they may create and cause deprivation of rights and endanger other citizens.

## SIXTH CAUSE OF ACTION

33.     The allegations contained in Paragraphs 1 through 22 are incorporated herein by reference, the same as if fully set forth verbatim.

34.     Defendant City of San Antonio Police Department, acting by and through Defendant City of San Antonio, and other officials, is liable for the conduct of Defendant

Christian, acting within the course and scope of their employment as police officers, as cited above for each of the following reasons:

35.     Defendant City of San Antonio Police Department instituted, authorized, ratified and/or approved the conduct of the type exhibited by Defendant Christian.  The conduct of Defendant Christian, previously specified herein, constitutes deprivation of the civil rights of Plaintiff JAMES W. MYART, JR., Jr.  The City of San Antonio Police Department instituted polices which created a climate in which the type of violent, brutal and abusive behavior exhibited by said Defendants was allowed to occur. The Defendant, City of San Antonio Police Department, in effect, ratifies and approves such abusive and violent behavior by its police officers by failing to take appropriate disciplinary measures and by ignoring the abusive and brutal conduct on the part of its officers.  Additionally, the City of San Antonio Police Department serves to ratify and condone such abusive and violent conduct by its officers by failing to institute an appropriate disciplinary system and allowing such violent actions on the part of its officers to go unpunished and by allowing such violent officers to remain on the force. By its actions, the Defendant City of San Antonio Police Department, through its words and actions has served to authorize, ratify and approve such violent and abusive acts on the part of its officers.  So widespread is this conduct that allowing such violent and brutal officers to remain on the force constitutes policy of the City of San Antonio, Texas and of its police department.

**SEVENTH CAUSE OF ACTION**

36.     The allegations contained in Paragraphs 1 through 22 are incorporated herein by reference, the same as if fully set forth verbatim.

37.     Defendant City of San Antonio, Texas, is liable for the conduct of Defendant Christian, for each of the following reasons: Said Defendant instituted, authorized, ratified and/or

approved the conduct exhibit by said Defendant Christian. The conduct of said Defendants as previously set out, constitutes a deprivation of the civil rights of Plaintiffs JAMES W. MYART, JR., Jr.  Said Defendant instituted a policy which would create a climate in which the type of violent, brutal and offensive behavior exhibited by said Defendant Christian was allowed to occur and, by his action, in effect, ratifies and approves such violent and brutal behavior by failing to take appropriate disciplinary measures and by ignoring abusive conduct, both prior to and subsequent to the event made the basis of this lawsuit.  The official policy of the City of San Antonio Police Department, as evidenced by its actions, in authorizing, ratifying and/or approving such brutal conduct of its officers, is a persistent and widespread practice of city officials and/or employees and is so common as to constitute a custom that fairly represents municipal policy of the City of San Antonio, Texas.

**EIGHTH CAUSE OF ACTION**

38.    The allegations contained in Paragraphs 1 through 22 are incorporated herein by reference, the same as if fully set forth verbatim.

39.    Defendant Christian committed an assault and battery upon Plaintiff JAMES W. MYART, JR., Jr.  The said Defendant Christian used force against the body of Plaintiff, and such assault and battery was done without the consent and was unprovoked by said JAMES W. MYART, JR., Jr.

**DAMAGES**

40.    The allegations contained in Paragraphs 1 through 43 are incorporated herein by reference, the same as if fully set forth verbatim.

41.    As a result of the violation of Plaintiff Myart's rights, as herein set out, and the wanton, reckless and wrongful disregard of his safety and reputation by action of Defendants,

10

herein, Plaintiff Myart suffered severe anxiety, mental anguish, physical and mental injuries, humiliation, embarrassment, charges for medical, hospital and ambulance charges incurred, as well as mental and physical pain and suffering. As a result thereof, the Defendants, and each of them, are jointly and severally bound and liable to Plaintiff herein in the sum of not less than Seven Hundred Fifty Thousand Dollars ($750,000.00), for which sum Plaintiff Myart respectfully prays. Plaintiff prays for pre-judgment interest and post-judgment interest as allowed by law.

## EXEMPLARY DAMAGES

42.    Federal law permits the recovery of exemplary or punitive damages in causes such as this. As stated herein, the police department of the City of San Antonio, Texas, which action was municipal policy of the City of San Antonio, Texas, and the Defendant City of San Antonio, Texas, and acting under color of law, and Defendant Christian wrongfully apprehended, bound, an innocent citizen. Municipal policy of the City of San Antonio, Texas, condoned, ratified, instituted and allowed this conduct to occur. Plaintiffs pray for the recovery of punitive damages in an amount set by the Court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that citation issue to Defendants in accordance with law and upon hearing hereof, the Court grant judgment against the Defendants, jointly and severally, in the total amount of seven hundred thousand ($750,000.00), for reasonable attorney's fees, for court costs, for pre-and post-judgment interest as may be allowed by law, punitive damages and for such other and further relief, general and special, at law or in equity, to which the Plaintiff may be justly entitled.

11

Dated: _3-31-06_

Law Offices of
James W. Myart, Jr. P.C.
306 Preston Avenue
San Antonio, Texas 78210
Phone: (210) 533-9461
Fax:    (210) 533-4815

By      :_____
James W. Myart, Jr.
Texas Bar No. 14755950
Pro Se

PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL.