UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART, JR., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| THE CITY OF SAN ANTONIO, TEXAS; | § | SA-06-CA-0256 FB (NN) |
| and OFFICER STEVE CHRISTIAN, | § | |
| Individually and in his Official Capacity, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
REGARDING DEFENDANTS' MOTIONS TO DISMISS**

**TO:**   Hon. Fred Biery
United States District Judge

This memorandum and recommendation addresses motions to dismiss filed by the defendants in this case. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial maters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[1]  After considering the motions, I recommend dismissal of this case on grounds of limitations.

**Jurisdiction**

The district court has original jurisdiction over this case under 28 U.S.C. § 1343 because the plaintiff seeks to redress an alleged deprivation of constitutional rights. The district court has supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367.

---

[1]*See* docket entry # 8.

...

**The Plaintiff's Claims**

Plaintiff James Myart has sued the City of San Antonio (the City) and police officer Steve Christian under 42 U.S.C. § 1983 and 1988 for the violation of his civil rights. Myart alleges that Christian used excessive force when arresting him after he refused to comply with Christian's instructions to cease photographing a police crime scene. Myart contends that Christian's use of force caused him physical and emotional injury. He alleges that the City ratifies and condones the abusive conduct of its police officers. Myart also alleges that the City is negligent in its hiring, training, and supervision of police officers. He further alleges that Christian's conduct constitutes assault and battery. The City and Christian have moved to dismiss particular claims.

**Standards for a Motion to Dismiss**

A defendant in a civil action may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief may be granted."[2] To prevail in a Rule 12(b)(6) motion, the movant must prove "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."[3] In determining whether the movant has met this burden, "the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."[4] "Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]

---

[2] FED. R. CIV. P. 12(b)(6).

[3] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[4] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[5] *Eason v. Holt*, 73 F.3d 600, 601 (5th Cir. 1996).

**The City's Motion to Dismiss**

Municipal Custom or Policy.  The City first asks for dismissal of Myart's claim under 42 U.S.C. § 1983 on grounds that Myart's complaint does not identify an actionable law, statute, policy, practice or custom to serve as the basis of liability.  The City complains that Myart failed to allege any specific violation that reflects in any way a policy or custom established by a City policymaker that was the moving force of the alleged constitutional deprivation.

A municipality is liable under 42 U.S.C. § 1983 for acts of local officials, like police officers, who act pursuant to official government policy.[6]

> Official policy is:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.  Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.  Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.[7]

To survive a motion to dismiss, a plaintiff must identify "'(1) a policy (2) of the [C]ity's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional

---

[6]*See Guidry v. Broussard*, 897 F.2d 181, 182 (5th Cir. 1990).

[7]*See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)

right.'"[8]  "[A]n isolated incident is not sufficient to show that a custom exists."[9]  The causal connection between the policy or custom and the alleged deprivation must be more than de facto—it must be "the moving force of the constitutional violation."[10]

Although the City maintains Myart has not met his burden, the allegations in Myart's complaint identifies a City policy that caused him to be subjected to a deprivation of constitutional right.  Specifically, Myart alleges that the City has "instituted policies which created a climate in which the type of violent and abusive behavior exhibited by Defendant Christian was allowed to occur."  In addition, Myart alleges that the City "ratifies and approves such violent behavior by its police department by failing to take appropriate disciplinary measures and by ignoring abusive conduct on the part of its police officers, both prior to the event made the basis of this suit and thereafter."  Myart further alleges that the City's official policy "in authorizing, ratifying and/or approving such brutal conduct of its officers, is a persistent and widespread practice of city officials and/or employees and is so common as to constitute a custom that fairly represents municipal policy of the City . . . ."  These allegations sufficiently allege a municipal policy as the basis of liability.  As a result, the City is not entitled to dismissal of Myart's section 1983.

Claims Against Christian in His Official Capacity.  The City asks for dismissal of claims brought against Christian in his official capacity on grounds that those claims are just another way of suing the City.  The City is correct.  In *Kentucky v. Graham*, the Supreme Court explained

---

[8] *Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987).

[9] *Palmer*, 810 F.2d at 516.

[10] *Id.* at 516.

that "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."[11] Christian is not a proper defendant in his official capacity because Myart has sued the City and any claim against Christian in his official capacity should be dismissed.

Punitive Damages. The City asks for dismissal of Myart's claims for punitive damages on grounds that the City is immune from liability for punitive damages for alleged deprivations of constitutional rights. The City is correct—"punitive damages are not available under § 1983 from a municipality, but are available in a suit against an official personally."[12] The City is entitled to dismissal of Myart's claim for punitive damages.

Ratification claim. The City asks for dismissal of Myart's ratification claim on grounds that the claim is based on the City's post hoc approval of Christian's conduct. The City relies on a prior decision by the District Court in which it determined that no evidence existed to show that the plaintiff was deprived of his constitutional rights as a result of an official policy.[13]

A municipality can be liable for the acts of its police officers if it is shown that municipal policymakers made a policy or condoned the creation of a custom "by knowingly ratifying the unconstitutional or illegal actions of [those] officers. . . ."[14] Although isolated instances of official misconduct by a police officer are inadequate to prove knowledge and acquiescence by

---

[11]*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[12]*Graham*, 473 U.S. at 167 n.13.

[13]*See Gonzales v. Westbrook*, 118 F. Supp. 2d 728, 734 (W.D. Tex. 2000) (J. Biery presiding).

[14]*Gonzales*, 118 F. Supp. 2d at 734.

the municipality's policymakers,[15] Myart has alleged more. He alleges that the City's official policy "in authorizing, ratifying and/or approving such brutal conduct of its officers, is a persistent and widespread practice of city officials and/or employees and is so common as to constitute a custom that fairly represents municipal policy of the City . . . ." He alleges that this action occurred "both prior to the event made the basis of this suit and thereafter." Thus, Myart does not base his claim solely on the City's post hoc approval of Christian's conduct. The City's suggestion that no evidence exists that Myart was deprived of his constitutional rights because of an official policy is irrelevant in considering a motion to dismiss. Consequently, the City is not entitled to dismissal of Myart's ratification claim.

Myart's state law claims. Finally, the City asks for dismissal of the state law claims against Christian under the Texas Tort Claims Act (the TTCA). The City relies on the TTCA's election-of-remedies provision which provides as follows: "The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."[16] The City contends that the plaintiff has elected to bring his negligence claims under the TTCA and that because he has sued the City, section 101.106(e) of the TTCA mandates dismissal of Myart's negligence claims against Christian.

Section 101.106(e) provides as follows: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on

---

[15] See Gonzales, 118 F. Supp. 2d at 734.

[16] TEX. CIV. PRAC. & REM. CODE § 101.106(a) (Vernon 2005).

the filing of a motion by the governmental unit." To be entitled to dismissal under this section, "a defendant must show the suit (1) is based on the employee's conduct within the general scope of the employment, and (2) could have been brought under the TTCA against the governmental unit."[17] The City cannot make this showing because Myart's state law claims cannot be brought against the City.

Myart's state law claims—negligent hiring, training, and supervision—cannot be brought against the City because Texas has not waived its sovereign immunity.

> Under the doctrine of sovereign immunity, a governmental unit is not liable for the torts of its officers or agents in the absence of a constitutional or statutory provision creating such liability. The [TTCA] creates a limited waiver of sovereign immunity. In order for immunity to be waived under the TTCA, the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver. The three specific areas of liability for which immunity has been waived are: (1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by a condition or use of tangible personal or real property; and (3) claims arising from premise defects.[18]

The City is a governmental unit under Texas law which enjoys sovereign immunity from negligence claims in the absence of a constitutional or statutory provision creating such liability. The TTCA does not create a waiver of sovereign immunity for Myart's negligence claims because none of the TTCA's waivers apply. No waiver applies because Myart does not allege

---

[17] *Lopez v. Williams*, No. 09-04-445 CV, 2006 WL 2789027, at *4 (Tex. App.—Beaumont Sept. 28, 2006, no pet.) (unpublished decision relying on a published decision interpreting section 101.106(f)). *See Meroney v. City of Colleyville*, 200 S.W.3d 707, 715 (Tex. App.—Fort Worth 2006, pet. filed) (analogizing to case law applying section 101.106(f) to require same showing for section 101.106(e) and permitting plaintiff's claims against city employee in his individual capacity to proceed).

[18] *Medrano v. City of Pearsall*, 989 S.W.2d 141, 143-44 (Tex. App.—San Antonio 1999, no pet.) (internal citations omitted).

that his injuries were caused by an employee's use of a motor-driven vehicle or by a condition or use of tangible personal or real property, and Myart's negligence claims do not arise from a premise defect.[19]  Consequently, the City is protected by sovereign immunity and the City is entitled to dismissal of those claims.

Because it is protected by sovereign immunity, Myart cannot sue the City for his for negligence claims.  Thus, the City cannot show that Myart's negligence claims "could have been brought under the TTCA against the governmental unit."[20]  Consequently, section 101.106(e) does not mandate dismissal of Myart's state law claims against Christian and Myart can proceed with those claims.[21]

---

[19]*See Rivera v. City of San Antonio*, No. SA-06-CA-235-XR, 2006 WL 3340908, at *15 (W.D. Tex. Nov. 15, 2006) ("[N]egligent hiring and negligent training are areas of liability that have not been waived by the TTCA.  '[A]llegations of negligent supervision do not satisfy the limited waiver of immunity contained within the' TTCA.") (internal citations omitted); *Univ. of Tex. Health Sci. Ctr. v. Schroeder*, 190 S.W.3d 102, 106 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (explaining that allegations of negligent supervision do not satisfy the limited waiver of sovereign immunity contained within the TTCA); *City of Garland v. Rivera*, 146 S.W.3d 334, 338 (Tex. App.—Dallas 2004, no pet.)(determining that the plaintiff's claims for negligent training and supervision are not actionable because written information in the form of instructions and manuals is not tangible personal property for purposes of the TTCA's waiver os sovereign immunity).

[20]*See Lopez*, No. 09-04-445 CV, 2006 WL 2789027, at *4; *Meroney*, 200 S.W.3d at 715.

[21]*Accord Rivera*, No. SA-06-CA-235-XR, 2006 WL 3340908, at *16  (determining that the election-of-remedies provision did not require dismissal of the plaintiffs' intentional tort claims against municipal police officers because the plaintiffs had no remedy against the city); *Patterson v. Hous. Auth. of City of Pearsall*, No. SA-05-CA-1155-XR, 2006 WL 232288, at *13 (W.D. Tex. July 27, 2006) (denying municipal employees' motion to dismiss the plaintiffs' defamation claims under section 101.106(e) because the TTCA did not waive the city's immunity and explaining that the defamation claim is an intentional tort excluded from the TTCA's waiver of sovereign immunity); *Barr v. City of San Antonio*, No. SA-06-CA-261-XR, 2006 WL 2322861, at * 3 (W.D. Tex. Jul. 25, 2006) (determining that "the TTCA does not apply to intentional torts or negligence claims not involving a condition or use of tangible personal or real property or the use of a motor-driven vehicle or motor-driven equipment" and denying police officer's motion to dismiss because the plaintiff's battery and negligent application-of-handcuffs claim were not brought "under

**Christian's Motion to Dismiss**

In his motion to dismiss, Christian asks for dismissal of the section 1983 claim brought against him in his individual capacity. Christian asserts that he is protected from Myart's excessive-force claim by qualified immunity. "The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit. 'Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'"[22] "[I]f the defendant asserts qualified immunity, the complaint should generally not be dismissed for failure to state a claim because the issue of whether immunity applies is a factual question related to the merits."[23]

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake."[24] To state a claim for excessive use of force, a plaintiff must allege that "she suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the

---

the TTCA" for purposes of section 101.106(e)); *Rogers v. Bonnette*, SA-04-CA-118-XR, 2005 WL 1593437, at *2 (W.D. Tex. Jul. 5, 2005) (explaining that whether section 101.106(e) requires dismissal of a plaintiffs' negligence claims "depends on whether those claims fall within the [TTCA]").

[22]*Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (internal citation omitted).

[23]*Baker*, 75 F.3d at 197.

[24]*Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal citations omitted).

need and that (3) the force used was objectively unreasonable."[25]  Christian admits that Myart has alleged facts in support of his claims that could, if true, entitle Myart to relief.

Christian, however, files his motion in order to preserve his right to rely on the defense throughout the litigation of this case.  Under the Local Rules for this district, a defendant must file a motion to dismiss or a motion for summary judgment based on the qualified-immunity defense within 30 days after the filing of the defendant's answer in order to preserve his right to rely on that defense throughout the lawsuit.[26]  Christian has preserved his right to rely on the qualified-immunity defense by filing his motion.  But because Myart has alleged sufficient facts which if true could entitle him to relief, Christian's motion should be denied.

## Limitations

Although no defendant moved for dismissal on grounds of limitations, this case appears to be barred by limitations.[27]  "The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state."[28]  In Texas, the Texas Civil Practice and Remedies Code sets out statutes of limitations.  That statute provides that claims must be brought "not later than two years after the day the cause of action accrues."[29]  Under Texas law, the statute of limitations begins to run when legal injury

---

[25]*Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).

[26]*See* Local Rule 12.

[27]Since the motions before the Court were filed, the City filed its first amended answer and asserted that this case is barred by limitations.  *See* docket entry # 43, ¶ 41.

[28]*Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

[29]TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2006).

occurs.[30]

Myart's complaint indicates that his injury occurred when Christian arrested him on November 13, 2002. Myart, however, did not file his complaint until March 21, 2006. That date is well outside the two-year period of limitations set out in the Texas Civil Practice and Remedies Code. As a result, it appears that all of Myart's claims are barred by limitations and that this case should be dismissed based on limitations.

**Recommendation**

I recommend GRANTING the City's motion (docket entry # 16) in the following respects. Because Myart has sued the City and because Christian is not a proper defendant in his official capacity, I recommend DISMISSAL of Myart's claims under section 1983 and 1988 against Christian in his official capacity. I recommend DISMISSAL of Myart's claim for punitive damages from the City because punitive damages are not available from a municipality. Although not part of the City's motion, I recommend DISMISSAL of the plaintiffs' negligence claims against the City on grounds of sovereign immunity. I recommend DENYING the motion in all other respects.

I also recommend DENYING Christian's motion to dismiss (docket entry # 15) because Myart has alleged sufficient facts which if true could entitle him to relief on his section 1983 claims.

---

[30]*See FDIC v. Dawson*, 4 F.3d 1303, 1311 (5th Cir. 1993) (referring to "the longstanding Texas rule that the tort statute of limitations begins to run when the tort is committed, absent a statute to the contrary or fraudulent concealment"); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977) (explaining that unless the discovery rules applies, "a cause of action generally . . . accrue[s] at the time when facts come into existence which authorize a claimant to seek a judicial remedy" and stating that in a personal injury case, "this means when the wrongful act effects an injury, regardless of when the claimant learned of such injury").


Finally, I recommend DISMISSAL of this case because Myart's claims are barred by limitations.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[31]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[32]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the

---

[31] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[32] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[33]

**SIGNED** on January 3, 2007.

*(signature: Nancy Stein Nowak)*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[33]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).