UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART, JR., § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| THE CITY OF SAN ANTONIO, TEXAS; § | | SA-06-CA-0256 FB (NN) |
| and OFFICER STEVE CHRISTIAN, § | | |
| Individually and in his Official Capacity, § | | |
| § | | |
| Defendants. § | | |

**SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION**

TO:   Hon. Fred Biery
       United States District Judge

This memorandum and recommendation addresses plaintiff James Myart's motion to file an amended complaint[1] and my earlier recommendation that this case be dismissed based on limitations.[2] The District Court re-referred this case to me after Myart asked to amend his complaint, ostensibly to show that his claims are not barred by limitations.[3] I have jurisdiction to enter this supplemental memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order re-referring this case to me.[4] After considering the developments in this case since I made my first recommendations, I recommend denying Myart's motion to amend his complaint and dismissing this case on grounds of limitations.

---

[1]Docket entry # 49.

[2]Docket entry # 44.

[3]*See* docket entry # 57.

[4]*See* docket entry # 57.

**Motion to Amend**

Myart seeks to amend his complaint although the deadline for amending pleadings in this case expired months ago—the deadline for amending pleadings was October 30, 2006.[5] A proposed amended complaint is attached to Myart's motion to amend. Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order has been issued.[6] The rule still applies after the deadline set by the scheduling order has expired.[7] Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."[8] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[9] In determining whether the good-cause standard has been met, the court considers four factors: (1) the movant's explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice.[10] In this case, all of these factors weigh against the amendment.

<u>Myart's explanation for failing to timely move for leave to amend</u>. Myart offered no

---

[5]*See* docket entry # 29 at ¶ 4.

[6]*S&W Enterprises v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).

[7]*S&W Enterprises*, 315 F.3d at 535 (deciding that the rule applies after the deadline for amending pleadings has expired).

[8]FED. R. CIV. P. 16(b).

[9]*S&W Enterprises*, 315 F.3d at 535 (citation omitted).

[10]*S&W Enterprises*, 315 F.3d at 536.

explanation for failing to timely seek leave to amend. Myart stated only that he seeks an amendment "[i]n the interest of justice, completeness and for good cause,"[11] and suggested that he needs to amend his complaint to show that his claims are not barred by limitations.[12] As way of further explanation, Myart expressed surprise in his objections to my recommendation that this case be dismissed based on limitations and complained that the defendants never raised the issue of limitations.[13] Myart should not have been surprised, however, because the defendants moved to amend their answers prior to my recommendation, and prior to the deadline for amending pleadings, to reflect the affirmative defense of limitations.[14] Although the defendants did not move to dismiss on limitations grounds, the defendants' motions to amend and their amended answers[15] placed Myart on notice about the issue of limitations. Plaintiff's receipt of the defendants' motions to amend or at least his receipt of the amended answers—not his receipt of my recommendation—was the appropriate time to seek an amendment to clarify any issue with limitations. Myart failed to explain why he did not act earlier, except to suggest that he thought that his complaint was sufficient[16] and attempt to shift blame to defendant City of San Antonio (the City) and this Magistrate Judge. As a result, I find that this factor weighs heavily against the amendment.

---

[11]Docket entry # 49 at ¶ 2.

[12]*See id*. at ¶ 12.

[13]*See* docket entry # 55 at § II.

[14]*See* docket entry #s 35 & 36.

[15]*See* docket entry #s 42 at ¶ 42 & 43 at ¶ 41.

[16]*See* docket entry # 49 at ¶ 12.

Importance of the amendment. Myart did not address the importance of the amendment, except to suggest that the interest of justice supports the amendment.[17] Instead of explaining why an amendment is important, Myart devoted six pages of his eight-page motion complaining that the City's attorney reneged on a mid-December agreement to extend the scheduling order deadlines and asking for monetary sanctions. Even if true, Myart should have sought leave of court to amend his complaint upon receipt of the amended answers, rather than six weeks later. Because Myart did not address the importance of the amendment, I find that this factor weighs against an amendment.

Potential prejudice in allowing the amendment. Myart did not address the prejudice that will result to the defendants as a result of his proposed amendment, except to imply that the City bears responsibility for his late request. Myart suggested that he seeks only to clarify the issue of limitations, but his proposed complaint contains additional claims. In his original complaint, Myart asserted a civil rights claim based on an excessive use of force; a civil rights claim based on negligent hiring, training and supervision; and state law claims for assault and battery. In his proposed amendment, Myart seeks to assert the additional following claims: state law claims for negligence, negligent entrustment, false arrest, malicious prosecution, aggravated assault and battery with a deadly weapon, and failure to intercede; and federal civil rights claims based on a deprivation of due process, a deprivation of equal protection, conspiracy and race discrimination.[18] All scheduling order deadlines in this case have expired. Particularly relevant to the amendment, the deadline for conducting discovery expired on December 8, 2006—at least a

---

[17]See docket entry # 49 at ¶ 1.

[18]See Proposed First Amended Original Complaint, attached to docket entry # 49.

week prior to the time Myart asserts that he asked the City's attorney to agree to an extension of scheduling order deadlines. Myart did not seek to amend his complaint until all scheduling order deadlines expired and until he received my recommendation. To permit Myart to amend his complaint now would require the defendants to reissue discovery and dispositive motions. For this reason, I find that this factor weighs heavily against the amendment.

<u>The availability of a continuance to cure prejudice to the defendants</u>. Myart did not address this factor, except to complain that he sought an agreement from the City to extend the scheduling order deadlines, but Myart never sought an extension of scheduling order deadlines. All scheduling order deadlines have expired; consequently, a continuance is not an appropriate tool to cure the prejudice the defendants will suffer if Myart is permitted to file his amended complaint. Instead, an amended complaint would require a new scheduling order. As discussed below, no reason exists to start over in this case because Myart's claims are barred by limitations. Thus, I find that this factor weighs against an amendment.

Myart failed to explain why good cause requires an amendment. Instead, he attempted to shift blame for failing to timely seek leave to amend to this Magistrate Judge based on my consideration of the limitations issue and to the City for purportedly reneging on an agreement to extend scheduling order deadlines. Neither excuses Myart's failure to seek leave to amend his complaint after he was placed on notice of the problems with limitations in this case. In addition, Myart has failed to explain why he should be permitted to amend his complaint to add claims after all scheduling order deadlines have expired. No good cause has been shown for amending Myart's complaint. Myart has not overcome his own lack of diligence. The motion to amend should be denied.

## Limitations

In my first memorandum and recommendation, I recommended that Myart's claims be dismissed as barred by limitations. Myart objected and insisted that his claims are not barred by limitations.[19] In his objections, Myart explained that the accrual of a civil case which would be defeated by a criminal conviction does not begin to run until the criminal case has been disposed of in the plaintiff's favor.[20] Although not addressed in his objections, Myart stated in his proposed amended complaint that he was charged with resisting arrest and interference with the duties of a public servant as a result of the events that form the basis of his claims.[21] Myart alleged that he was tried and acquitted of those charges on February 9, 2005.[22] Myart further alleged that he did not file his complaint until March 21, 2006 because he had to wait until his criminal charges were resolved to file his lawsuit.[23] Myart maintains that his lawsuit was timely filed because his claims did not accrue until he was acquitted of the criminal charges. Myart relies on the Supreme Court's decision in *Heck v. Humphrey*.[24]

In *Heck*, the Supreme Court held as follows:

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

---

[19] *See* docket entry # 55.

[20] *See* docket entry # 55 at p. 6.

[21] *See* Proposed First Amended Original Complaint, attached to docket entry # 49, at ¶ 43.

[22] *See id.* at ¶ 49.

[23] *See id.* at ¶ 50.

[24] 512 U.S. 477 (1994).

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[25]

Recently, the Court explained that this rule "is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'"[26] The Court explained that a tort cause of action accrues and the statute of limitations begins to run when the wrongful act or omission results in damages.[27]

Applying this guidance, no conviction or sentence exists here, and thus, the *Heck* rule does not apply. Consequently, Myart's claims began to accrue and the statute of limitations began to run when the wrongful act that he complains about resulted in damages. Here, the date the alleged wrongful act resulted in damages is November 13, 2002—the day on which Myart alleges that defendant Steve Christian subjected him to an excessive use of force. As damages, Myart alleges that the excessive use of force caused him severe and excruciating pain, and physical and mental injuries. Myart filed his complaint on March 21, 2006, outside of the two-year limitations period for claims of personal injuries in Texas. Thus, Myart's claims are barred because he did not file this lawsuit before the two-year limitations period expired. Consequently, dismissal on the

---

[25]*Heck*, 512 U.S. at 486-87.

[26]*Wallace v. Kato*, 127 S. Ct. 1091, 1097-98 (2007).

[27]*Wallace*, 127 S. Ct. at 1097.

grounds of limitations is appropriate.

Myart may argue that his claims were equitably tolled because application of the *Heck* rule was unclear at the time the statute of limitations for his claims began to run, but the Court also made it clear that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."[28] This case is a common state of affairs. Individuals who are arrested and charged with criminal charges frequently feel that they were mistreated and sue governmental entities for violation of their civil rights. While the recent clarification of the *Heck* rule may appear unfair as applied to Myart, this is not an unusual case that calls for a rare remedy.

### Myart's Request for Sanctions

In his motion to file an amended complaint, Myart also asks for sanctions. Myart set forth no legal basis for imposing sanctions, except to suggest that the City should pay his costs for preparing the motion for leave to file an amended complaint because the City reneged on an agreement to extend scheduling order deadlines. With or without an agreement, Myart never asked to amend his complaint until I recommended that his claims be dismissed on grounds of limitations. Myart did not ask for leave to amend his complaint upon receiving the defendants' motions to amend their answers to add limitations as an affirmative defense or upon the filing of the defendants' amended answers. No reason exists for the District Court to speculate about a proper legal basis for imposing sanctions, especially where the movant failed to exercise diligence in seeking leave to amend. The request for sanctions should be denied.

### Recommendations

---

[28] *Id*. at 1100.

Myart failed to show good cause for amending his complaint; therefore, I recommend DENYING Myart's motion for leave to file first amended complaint (docket entry # 49). Myart failed to provide any basis for sanctions against the City; and therefore, I recommend DENYING his request for sanctions (docket entry # 49). Because Myart has not shown that his claims are not barred by limitations, I recommend DISMISSAL of this case as barred by limitations.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[29] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[30] Additionally, failure to file timely written objections to the proposed findings, conclusions and

---

[29] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[30] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

9

recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[31]

**SIGNED** on March 20, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[31]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).